UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAREK WEARING,

     **Plaintiff,**

                         **CASE NO.:**

v.

HARDHAT WORKFORCE
SOLUTIONS, LLC,

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TAREK WEARING, by and through undersigned counsel, brings this action against Defendant, HARDHAT WORKFORCE SOLUTIONS, LLC, and in support of his claims states as follows:

## JURISDICTION AND VENUE

1.      This is an action for damages for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 *et seq.*, 42 U.S.C. § 1981 ("Section 1981"), and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 12101 *et seq,* 42 U.S.C. § 1981, and 42 U.S.C. § 2000e et seq. This Court also has pendent jurisdiction over the state law claims.

3.     Venue is proper in this District, because all of the events giving rise to these claims occurred in Pasco County, which is in this District.

## PARTIES

4.     Plaintiff is a resident of Hillsborough County, Florida, and he worked in Pasco County, Florida.

5.     Defendant is located in Wesley Chapel, in Pasco County, Florida.

## GENERAL ALLEGATIONS

6.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA, Title VII, and the FCRA.

7.     At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA, Title VII, and the FCRA.

8.     Plaintiff is a member of a protected class of persons under Section 1981.

9.     Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

10.     Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

11.     At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

2

12. Plaintiff has satisfied all conditions precedent, or they have been waived.

13. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

14. Plaintiff requests a jury trial for all issues so triable.

## FACTS

15. Plaintiff began employment with Defendant on or around February 14, 2025.

16. Plaintiff is a Black man.

17. Plaintiff is a member of a protected class on account of race and thus benefits from the protections of Title VII, the FCRA, and Section 1981.

18. Additionally, Plaintiff was a qualified individual with a disability or who was perceived as being disabled.

### *Disability or Perceived Disability*

19. Plaintiff was involved in a car accident on or around February 28, 2025, resulting in fractured ribs, a lumbar fracture, a neck injury, and lower-mid back injury.

20. Plaintiff's injuries constitute disabilities under the ADA and FCRA, as they substantially limit the major life activities of walking, standing, lifting, bending, and performing manual tasks.

21. Due to significant pain, reduced mobility, and physical restrictions resulting from his fractures and spinal injuries, Plaintiff has difficulty ambulating,

maintaining posture, lifting objects, and engaging in routine physical movements required for daily life.

22. Plaintiff's disabilities further substantially limit the major life activities of sitting and reaching, due to spinal and neck impairments that restrict range of motion and cause pain with prolonged positioning or movement.

23. In addition, Plaintiff's impairments substantially limit major bodily functions, including musculoskeletal function, neurological function, and normal operation of the spine.

24. Plaintiff was able to perform the essential functions of his job, with or without accommodation.

25. Shortly after Plaintiff's accident, Plaintiff provided Defendant with medical documentation and requested the reasonable accommodation of light duty, as well as the ability to leave work around thirty minutes to 1.5 hours early on occasion for medical appointments, which he was provided.

26. However, shortly thereafter, on or around March 14, 2025, Defendant suspended Plaintiff for three days, in retaliation for Plaintiff having requested reasonable accommodations, asserting a pretextual reason for the suspension.

27. On this same day, Plaintiff contacted Defendant's Human Resources Department ("HR") to complain about the retaliatory suspension, thereby further engaging in protected activity.

28. Plaintiff consistently notified Defendant of upcoming medical appointments approximately two weeks in advance.

29.     Plaintiff underwent surgery on or around April 2, 2025, and was experiencing significant pain on the following day, on or around April 3, 2025.

30.     Plaintiff was able to perform the essential functions of his job with this reasonable accommodation of a medical absence on April 3, 2025.

31.     Prior to the start of Plaintiff's shift, on or around April 3, 2025, Plaintiff required and requested the reasonable accommodation of a medical absence for that day, which was approved by Plaintiff's foreman.

### *Race Discrimination*

32.     Additionally, on or around March 17, 2025, Plaintiff complained to HR about race discrimination that he had been experiencing from his supervisor.

33.     Plaintiff was one of only around four Black employees, out of Defendant's roughly fifty employees at the jobsite where Plaintiff worked.

34.     Plaintiff's supervisor, Bobby (White), showed preferential treatment to Defendant's non-Black employees.

35.     By way of example and not limitation, Plaintiff's supervisor had told Plaintiff in a threatening manner, "don't make me get my whip."

36.     Additionally, Plaintiff's supervisor also told Plaintiff that Plaintiff's hair is "unprofessional" and suggested that he would take Plaintiff to the barber shop for a haircut, even though Plaintiff wears a helmet for his job.

37.     An HR representative informed Plaintiff that she would speak to Bobby regarding Plaintiff's complaints.

38.    Shortly thereafter, Bobby confronted Plaintiff, asking why Plaintiff had complained to HR.

39.    Plaintiff responded that he did what he thought was right.

40.    However, Bobby asked Plaintiff not to complaint again.

41.    On or around April 10, 2025, Defendant terminated Plaintiff based on Plaintiff's race and disability, and in retaliation for Plaintiff having engaged in protected activity under the ADA, FCRA, Title VII, and Section 1981.

## COUNT I – 42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

42.    Plaintiff realleges and readopts the allegations of paragraphs 8 through 17 and 32 through 41 of this Complaint, as though fully set forth herein.

43.    Plaintiff is a member of a protected class of persons under Section 1981.

44.    Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race.

45.    The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

46.    Defendant's actions were willful and done with malice.

47.    As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

48.    Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

d)    Compensatory damages, including emotional distress, allowable at law;

e)    Punitive damages;

f)    Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

g)    Prejudgment interest on all monetary recovery obtained;

h)    All costs and attorney's fees incurred in prosecuting these claims; and

i)    For such further relief as this Court deems just and equitable.

7

## COUNT II — 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)

49. Plaintiff realleges and readopts the allegations of paragraphs 8 through 17 and 32 through 41 of this Complaint, as though fully set forth herein.

50. Plaintiff is a member of a protected class of persons under Section 1981.

51. By objecting to race discrimination, Plaintiff engaged in protected activity under Section 1981.

52. Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating Plaintiff's employment.

53. Defendant's actions were willful and done with malice.

54. Defendant's retaliation was based solely on Plaintiff's exercise of his right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

55. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

56. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

d)    Compensatory damages, including emotional distress, allowable at law;

e)    Punitive damages;

f)    Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

g)    Prejudgment interest on all monetary recovery obtained;

h)    All costs and attorney's fees incurred in prosecuting these claims; and

i)    For such further relief as this Court deems just and equitable.

## COUNT III – TITLE VII VIOLATION
### (RACE DISCRIMINATION)

57.    Plaintiff realleges and readopts the allegations of paragraphs 6 through 7, 12 through 17, and 32 through 41 of this Complaint, as though fully set forth herein.

58.    Plaintiff is a member of a protected class under Title VII.

9

59. Plaintiff was subjected to disparate treatment on the basis of his race, Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against Plaintiff by terminating him after he engaged in protected activity.

60. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

61. Defendant's actions were willful and done with malice.

62. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of Title VII by Defendant;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained.

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## COUNT IV – TITLE VII RETALIATION

63. Plaintiff realleges and readopts the allegations of paragraphs 6 through 7, 12 through 17, and 32 through 41 of this Complaint, as though fully set forth herein.

64. Plaintiff is a member of a protected class under Title VII.

65. Plaintiff exercised or attempted to exercise his rights under Title VII by objecting to race discrimination, thereby engaging in protected activity under Title VII.

66. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating Plaintiff's employment.

67. Defendant's actions were willful and done with malice.

68. In terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

69. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

11

b)   That process issue and that this Court take jurisdiction over the case;

c)   That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising his rights under Title VII;

d)   That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e)   Compensation for lost wages, benefits, and other remuneration;

f)   Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g)   Front pay;

h)   Any other compensatory damages, including emotional distress, allowable at law;

i)   Punitive damages;

j)   Prejudgment interest on all monetary recovery obtained.

k)   All costs and attorney's fees incurred in prosecuting these claims; and

l)   For such further relief as this Court deems just and equitable.

12

## COUNT V – FCRA VIOLATION
### (RACE DISCRIMINATION)

70.     Plaintiff realleges and readopts the allegations of paragraphs 6 through 7, 12 through 17, and 32 through 41 of this Complaint, as though fully set forth herein.

71.     Plaintiff is a member of a protected class (Black) under the FCRA.

72.     Plaintiff was subjected to disparate treatment by Defendant on the basis of his race, Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against him by terminating his employment after he engaged in protected activity.

73.     Defendant's actions were willful and done with malice.

74.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     Compensation for lost wages, benefits, and other remuneration;

d)     Front pay;

e)     Any other compensatory damages, including emotional distress, allowable at law;

f)    Punitive damages;

g)    Prejudgment interest on all monetary recovery obtained.

h)    All costs and attorney's fees incurred in prosecuting these claims; and

i)    For such further relief as this Court deems just and equitable.

## COUNT VI – ADA VIOLATION
### (DISABILITY DISCRIMINATION)

75.    Plaintiff realleges and readopts the allegations of paragraphs 6 through 7, 12 through 15, 18 through 31, and 41 of this Complaint, as though fully set forth herein.

76.    Plaintiff is a member of a protected class under the ADA.

77.    Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, including termination of Plaintiff's employment.

78.    Defendant's actions were willful and done with malice.

79.    Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    That this Court enter an injunction restraining continued violation of the ADA;

14

d)      Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e)      Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

f)      Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g)      Any other compensatory damages, including emotional distress, allowable at law;

h)      Punitive damages;

i)      Prejudgment interest on all monetary recovery obtained.

j)      All costs and attorney's fees incurred in prosecuting these claims; and

k)      For such further relief as this Court deems just and equitable.

## COUNT VII – ADA RETALIATION

80.    Plaintiff realleges and readopts the allegations of paragraphs 6 through 7, 12 through 15, 18 through 31, and 41 of this Complaint, as though fully set forth herein.

81.    Plaintiff is a member of a protected class under the ADA.

82.    Plaintiff engaged in protected activity under the ADA by requesting reasonable accommodations.

83.    Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

15

84. Defendant's actions were willful and done with malice.

85. The adverse employment action that Defendant took against Plaintiff was material.

86. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d) That this Court enter an injunction restraining continued violation of the ADA;

e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h) Any other compensatory damages, including emotional distress, allowable at law;

16

i)    Punitive damages;

j)    Prejudgment interest on all monetary recovery obtained.

k)    All costs and attorney's fees incurred in prosecuting these claims; and

l)    For such further relief as this Court deems just and equitable.

## COUNT VIII – FCRA VIOLATION
### (DISABILITY DISCRIMINATION)

87.   Plaintiff realleges and readopts the allegations of paragraphs 6 through 7, 12 through 15, 18 through 31, and 41 of this Complaint, as though fully set forth herein.

88.   Plaintiff is a member of a protected class under the FCRA, due to his disability.

89.   Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability, including termination of Plaintiff's employment.

90.   Defendant's actions were willful and done with malice.

91.   Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)      Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

d)      Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

e)      Any other compensatory damages, including emotional distress, allowable at law;

f)      Punitive damages;

g)      Prejudgment interest on all monetary recovery obtained.

h)      All costs and attorney's fees incurred in prosecuting these claims; and

i)      For such further relief as this Court deems just and equitable.

## COUNT IX – FCRA RETALIATION

92.    Plaintiff realleges and readopts the allegations paragraphs 6 through 7, and 12 through 41 of this Complaint, as though fully set forth herein.

93.    Plaintiff is a member of protected classes under the FCRA, due to his race and disability.

94.    Plaintiff engaged in protected activity under the FCRA by requesting reasonable accommodations.

95.    Plaintiff further engaged in protected activity under the FCRA by objecting to race discrimination.

96.    Defendant retaliated against Plaintiff by terminating his employment.

97.    Defendant's actions were willful and done with malice.

18

98.    Defendant took material adverse action against Plaintiff.

99.    Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

d)    Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

e)    Any other compensatory damages, including emotional distress, allowable at law;

f)    Punitive damages;

g)    Prejudgment interest on all monetary recovery obtained.

h)    All costs and attorney's fees incurred in prosecuting these claims; and

i)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

19

Dated this 14th day of May, 2026.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**HANNAH E. DEBELLA**
Florida Bar Number: 1026002
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: hdebella@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**